UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE L. COTTRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>FELIX IGBINOSA, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01530-LJO-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM IDENTIFIED HEREIN<br><br>[ECF No. 17] |

Plaintiff Dale L. Cottrell is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed June 30, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names C. Lackey, Karen Berard, Ifeoma Ogbuehi, Rajib Das, Miran Park, Angelica Duenas, Felix Igbinosa, and Does 1 through 20, as Defendants, and claims each defendant acted with deliberate indifference to his serious medical needs.

On September 25, 2010, at approximately 0800 hours, Plaintiff felt sharp chest pains and a burning sensation, and he became nauseous and his arm was numb. During this time, Plaintiff and his cellmate were locked into their prison cell, and his cellmate shouted for medical help. Approximately two hundred inmates were present to witness the incident. Licensed Nurse, C. Lackey, was present and responded to the incident. Plaintiff informed Lackey that he felt like he was having a heart attack. Plaintiff indicated he had sharp chest pains, a burning sensation, he felt nauseous, and something was wrong with his arm. Plaintiff also indicated that he had a family history of heart attacks. C. Lackey said he would return after administering the routine medications.

  Correctional Officer, D. Monroy, responded and commanded an alarm activation. Several correctional officers responded and carried Plaintiff on a stretcher to the day room and laid him on the floor. The medical response team arrived and Registered Nurse, C. Cardens, asked Plaintiff his symptoms. Plaintiff indicated that he felt he was having a heart attack, felt sharp chest pains, a burning sensation, nausea, arm pain problems, dizziness, blacking in and out, and was sweating while cold. The only test performed was a blood pressure check.

  Cardens telephoned the prison Treatment Triage Area (TTA), and an ambulance arrived shortly afterwards, and Registered Nurse, Karen Berard took charge. Plaintiff described him symptoms to Berard. However, instead of performing any cardiac tests, Berard began questioning bystanders about the truthfulness of whether Plaintiff was experiencing the symptoms he had described to her. Berard told Plaintiff, "Monroy said that you were speaking to him at your cell!," "conscious!" Plaintiff urged Berard to believe he was experiencing all symptoms he described. With a more hostile attitude, Berard said "I still don't believe you, do you know how many inmates we take to the hospital with chest pains only to learn they have heart burn? I can tell just from looking at your skin color you're not having a heart attack?"

  After emergency personnel were called and responded to the scene, Berard cancelled the emergency response and merely provided Plaintiff with an anti-acid, Benadryl, Baclofen, and Neurontin. Officer Monroy finally allowed Plaintiff to walk out to the yard on his own toward the medical clinic. Another officer allowed him to ride on the golf cart to the facility. Berard was present at the clinic and initially responded "you again." However, this time she performed an EKG and ordered Plaintiff to be transported to the hospital.

  Prior to Plaintiff's heart attack on September 25, 2010, he was examined by Rajib Das who informed Plaintiff that the denial of preventative medication for his heart condition was based largely on a meeting conducted by Chief Medical Officer, Felix Igbinosa. Igbinosa instructed medical staff not to provide certain preventative treatments because financial cut backs were necessary to California Department of Corrections and Rehabilitation and Pleasant Valley State Prison budget short falls.

  On March 17, 2010, Plaintiff was examined at the medical clinic by Ifeoma Ogbuehi and documented Plaintiff's symptoms, in part as follows: "sudden chest pain lasting approximately 30

1  minutes; dizziness and lightheadedness; [and] sweating and pale skin color." Ogbuehi reviewed
2  Plaintiff's family history of heart attacks and reviewed prior lab reports which showed he was a high
3  cardiac risk but failed to provide any treatment to Plaintiff.
4      On March 26, 2010, Plaintiff was examined by Rajib Das at the medical clinic, who noted that
5  Plaintiff had developed a heart mumur, which was not present in the prior medical history. Rajib Das
6  declined to provide any cardiac treatment and informed Plaintiff his decision was based largely on the
7  instruction by Igbinosa to not provide certain preventative treatments based on financial budget
8  restraints.
9      On May 19, 2010, Plaintiff was examined by Ifeoma Ogbuehi who reviewed his entire medical
10 chart but failed to provide treatment based on financial budget problems.
11     On July 21, 2010, Plaintiff was examined by Miran Park, and after Plaintiff described his
12 current and prior symptoms, Doctor Park failed to provide any treatment and stated that the denial of
13 treatment would not result in his immediate death. Doctor Park failed to otherwise comment on
14 Plaintiff's concerns for his current and future symptoms.
15     On August 21, 2010, Plaintiff was examined by Angelica Duenas, and he described his current
16 and prior symptoms. Doctor Duenas failed to provide Plaintiff any cardiac treatment and declined to
17 comment on whether the budget restraints was based on budget constraints.
18     As previously stated, Plaintiff had a heart attack on September 25, 2010 (thirty four days
19 thereafter), caused by an occlusion of his circumflex coronary artery.

### III.

### DISCUSSION

**A.  Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition

could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Based on the allegations in the first amended complaint, Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendants C. Lackey, Karen Berard, Ifeoma Osbuehi, Rajib Das, Felix Igbinosa, Miran Park, and Angelica Duenas.

### B. Doe Defendants

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

In his complaint, Plaintiff names J. Does 1 through 20, as Defendants. However, Plaintiff has failed to link any Doe Defendant to a constitutional violation. Plaintiff's merely names the Doe Defendants to claims involving and linking other named Defendants. Such conclusory allegations without factual support do not suffice to state a cognizable constitutional violation. Rule 8 of the Federal Rules of Civil Procedure requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements …" Iqbal, 556 U.S. at 678. Accordingly, Plaintiff fails to state a cognizable claim against any of the Doe Defendants.

5

### III.

### CONCLUSION AND ORDER

Plaintiff's first amended complaint states a cognizable claim against Defendants Lackey, Berard, Osbuehi, Das, Igbinosa, Park, and Duenas for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against the Doe Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for deliberate indifference against Defendants Lackey, Berard, Osbuehi, Das, Igbinosa, Park, and Duenas, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff seven (7) summons and seven (7) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

1  Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
2  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
3  the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly,
4  550 U.S. at 556).

5        Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v.
6  Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
7  The amended complaint must be "complete in itself without reference to the prior or superseded
8  pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original
9  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
10 London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
11 In other words, even the claims that were properly stated in the original complaint must be completely
12 stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend,
13 he may not bring unrelated claims in the same action.

14       Based on the foregoing, it is HEREBY ORDERED that:

15     1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

16     2.    Within thirty (30) days from the date of service of this order, Plaintiff must either:

17         a.    File an amended complaint curing the deficiencies identified by the Court in this
18             order, or

19         b.    Notify the Court in writing that he does not wish to file an amended complaint
20             and wishes to proceed only against Defendants Lackey, Berard, Osbuehi, Das,
21             Igbinosa, Park, and Duenas for deliberate indifference to a serious medical need
22             in violation of the Eighth Amendment; and

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 31, 2014**

UNITED STATES MAGISTRATE JUDGE