UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE L. COTTRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>FELIX IGBINOSA, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01530-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 38] |

    Plaintiff Dale L. Cottrell is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On May 11, 2015, Plaintiff filed a motion for the appointment of counsel. There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

This action is proceeding against Defendants C. Lackey, Karen Berard, Ifeoma Ogbuehi, Rajib Das, Miran Park, Angelica Duenas, and Felix Igbinosa for deliberate indifference to a serious medical need in violation of the Eighth Amendment. On April 15, 2015, Defendants Berard, Das, Duenas, Igbinosa, and Ogbeuhi filed an answer to the complaint.[1] On April 16, 2015, the Court issued the discovery and scheduling order.

Plaintiff seeks the appointment of counsel because he is indigent, the issues involved in the case are complex, medical experts will be necessary for depositions and trial proceedings, and he is layman at law.

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The facts alleged appear straightforward and unlikely to involve extensive investigation and discovery. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id. Plaintiff is proceeding on a claim of deliberate indifference and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations and filed appropriate motions for relief in this action.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner

---

[1] Defendants Lackey and Park have not yet been served with process.

"may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Plaintiff's lack of education, lack of resources, and lack of certain legal knowledge, does not demonstrate exceptional circumstances.  This Court is faced with cases brought by prisoners in similar circumstances almost daily.  Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 12, 2015**

UNITED STATES MAGISTRATE JUDGE