UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE L. COTTRELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FELIX IGBINOSA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01530-LJO-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF INDEPENDENT EXPERT WITNESS<br><br>[ECF No. 58] |

　　　　Plaintiff Dale L. Cottrell is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On December 17, 2015, Plaintiff filed a motion for appointment of an independent expert to refute Defendants' pending motion for summary judgment.

　　　　An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010). Indeed, appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice." In re JoinT

<u>E. & S. Dists. Asbestos Litig.</u>, 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case).

The appointment of an independent expert is to assist the trier of fact, not a particular litigant. Thus, the Court may not appoint an expert witness to advocate for Plaintiff at trial. Defendants have filed a motion for summary judgment supported with declarations from Defendants and medical expert testimony by non-Defendant, Dr. Barnett. Plaintiff submits that appointment of an independent cardiologist expert will assist the Court in understanding why it should not grant summary judgment upon reliance of the declarations submitted by Defendants. At this juncture, without a thorough review of Defendants' motion for summary judgment, the Court cannot determine whether appointment of an independent medical expert is necessary to resolve Defendants' motion.

Accordingly, Plaintiff's motion for a appointment of an independent expert witness shall be DENIED, without prejudice, to later renewal by Plaintiff and/or sua sponte renewal by the Court if deemed necessary to resolve Defendants' motion for summary judgment. In the interest of justice, Plaintiff is granted an extension of thirty (30) days to file an opposition to Defendants' motion for summary judgment. Plaintiff is advised that the failure to file a timely opposition will be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. Local Rule 230(*l*).

IT IS SO ORDERED.

Dated:   **December 18, 2015**

UNITED STATES MAGISTRATE JUDGE